62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammad Shoiab SIDDIQUE, Defendant-Appellant.
 No. 94-30251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1995.
Decided Aug. 1, 1995.
 
 1
 Before: WRIGHT, POOLE, WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellant, Mohammad Siddique, appeals his conviction for knowingly possessing an unregistered, sawed-off shotgun, in violation of 26 U.S.C. Sec. 5861(d). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Siddique argues that the prosecutor, in his closing argument, improperly vouched for the government's key witness, Anna Danker. Because Siddique did not object to the prosecutor's statements at trial, we review for plain error. United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir. 1993); United States v. Molina, 934 F.2d 1440, 1444 (9th Cir. 1991).
 
 
 5
 The allegedly objectionable statements from the prosecutor's closing argument did not amount to vouching. Vouching consists of "placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." Necoechea, 986 F.2d at 1276 (citing Molina, 934 F.2d at 1445). The prosecutor did neither of these things.
 
 
 6
 First, the prosecutor did not personally assure his witness's veracity. Rather, the prosecutor simply pointed out that of two contradictory witnesses, Danker and Siddique, one had admitted to lying under oath in the past, while the other had not.
 
 
 7
 Second, the prosecutor did not suggest that evidence not before the jury supported Danker's testimony. The only reference to evidence that supported Danker's story, rather than Siddique's, was to the evidence concerning Siddique's past perjury, and that fact was before the jury already. Siddique admitted, during cross-examination, that he had lied before a Kittitas County judge while under oath.
 
 
 8
 Siddique also argues that the prosecutor improperly vouched for Danker by referring to prior consistent testimony that was not in the record. This is simply not so. The comments from the prosecutor's closing argument that Siddique cites, (R.T. at 236, lines 8-9), did not enhance Danker's testimony by referring to prior consistencies. Quite the opposite, the prosecutor admitted Danker's shortcomings by pointing out prior inconsistent statements. This is not vouching.
 
 
 9
 The district court also did not err when it allowed the prosecutor to elicit testimony concerning the fact that the car in question had been reported stolen on February 17. The evidence of the car's theft was relevant to clear up any possible jury confusion as to why they were not told who owned the car, even though they were being asked to determine who possessed it on the night in question. The evidence also was not unduly prejudicial.
 
 CONCLUSION
 
 10
 For the foregoing reasons, we AFFIRM Siddique's conviction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3